**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Donovan Baker, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>United States of America, Joe Doe I-X, and )<br>Jane Roe I-X, )<br>)<br>Defendants. ) | **ORDER OF DISMISSAL**<br><br>Case No. 4:09-cv-046 |

___

The plaintiff, Donovan Baker, initiated the above-entitled action by filing a complaint on August 5, 2009. See Docket No. 1. At that time, Baker was represented by counsel. Baker's counsel later sought leave to withdraw, and the Court granted the request. See Docket No. 15.

Because of the proximity of the upcoming trial, then scheduled for January 18, 2011, Magistrate Judge Charles S. Miller, Jr. scheduled a telephonic status conference for December 23, 2010, at a time that was agreed to in advance by both parties. See Docket No. 16. The Court attempted to contact Baker by telephone at the numbers provided to the Court on that date, but was advised that Baker was busy with other matters. Due to Baker's failure to participate in the status conference, the Court issued an order to show cause on December 23, 2010, and scheduled a telephonic hearing for January 6, 2011. See Docket No. 17. The Court also cancelled the trial set for January 18, 2011. In the order to show cause, Judge Miller advised Baker that if he failed to be available at the scheduled time and to participate in the show cause hearing, his case would likely be dismissed without further notice. See Docket No. 17.

The Court telephoned Baker at 10:00 a.m. on January 6, 2011, at both telephone numbers provided to the clerk's office. The Court was unable to reach anyone, or leave a voice message, at

either of the telephone numbers.  Therefore, based upon Baker's repeated failure to participate in scheduled hearings before the Court, it is **ORDERED** that the case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.  See Holly v. Anderson, 467 F.3d 1120, 1121 (8th Cir. 2006) ("A district court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order.") (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1259-60 (8th Cir. 1997)); see also  Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995) ("District Courts have inherent power to dismiss *sua sponte* a case for failure to prosecute...") (citing Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993)); Fed. R. Civ. P. 41(b) ("a dismissal under this section . . . operates as an adjudication on the merits.").

    **IT IS SO ORDERED.**

    Dated this 6th day of January, 2011.

                        */s/ Daniel L. Hovland*
                        Daniel L. Hovland, District Judge
                        United States District Court